IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JASON BLOCKBURGER | § | |
| v. | § | CIVIL ACTION NO. 5:16cv65 |
| CHARLES DORSEY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jason Blockburger, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Officer Charles Dorsey of the mailroom staff at the Bowie County Correctional Center and the U.S. Postal Service.

**I. Background**

Plaintiff had a watch in need of repair and secured permission from the warden of the correctional center to mail it out. On December 30, 2015, Dorsey told him to package it in a plain white envelope. The watch was apparently destroyed in transit by the Postal Service and never made it to the repair facility. Plaintiff received his envelope back without the watch, and the envelope was stamped as having been received in damaged condition.

Plaintiff filed a grievance, and the response stated the correctional center had no control over items once these items are in the possession of the U.S. Postal Service. He appealed this grievance and the response stated the correctional center is not responsible for the packaging of any item sent from the facility and what happens while the item is in the possession of the Postal Service is not the responsibility of the facility.

Plaintiff also contacted the Postal Service and was told he had the option of purchasing insurance, but without insurance, no indemnity can be paid. The response from the Postal Service also stated the plain white envelope used by Plaintiff was sent through the processing equipment, and the bulk of the watch would have caused the envelope to snag and slice on the separating arms used to sort the mail.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed. The Magistrate Judge determined Plaintiff's claim against Dorsey was for negligence, which does not set out a cognizable claim under 42 U.S.C. §1983. Even if Plaintiff asserted Dorsey intentionally caused the destruction of his property by giving him wrong information about packaging his watch, the Magistrate Judge stated random and unauthorized deprivations of property are not cognizable in federal court where adequate state post-deprivation remedies exist.

The Magistrate Judge further stated Plaintiff failed to set out a viable claim against the Postal Service under the Federal Tort Claims Act because this Act does not apply to any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

## III. Plaintiff's Objections to the Report

In his objections, Plaintiff states he is an Arkansas prisoner housed in Texas, a program for which he did not volunteer. When he was housed in Arkansas, he could buy a battery for his watch at the commissary, but he could not do that in Bowie County. Instead, he was allowed to send out his watch for repairs, but he never got it back.

Plaintiff states he filed with the Arkansas State Claims Commission, which was created to provide a method by which claims against the State of Arkansas may be addressed while preserving the state's sovereign immunity. *See* Fireman's Insurance Co. v. Arkansas State Claims Commission, 301 Ark. 451, 784 S.W.2d 771 (Ark. 1990). He notes Dorsey is an employee of LaSalle Corrections,

2

which has a contract with the State of Arkansas, which he claims makes Dorsey's actions the responsibility of Arkansas rather than Bowie County or the State of Texas.

However, the Arkansas State Claims Commission construed Plaintiff's claim as one of mail tampering and advised him this was a federal issue. He inquires what he should do if the federal court rules it is a state issue and the state court tells him it is a federal issue.

## IV. Discussion

The Magistrate Judge correctly determined a claim of negligence does not set out a valid civil rights claim under 42 U.S.C. §1983. Daniels v. Williams, 474 U.S. 327, 331-33, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). To the extent Plaintiff asserts Dorsey was negligent, his complaint fails to state a claim upon which relief may be granted.

The Magistrate Judge also properly concluded that to the extent Plaintiff's claim is one of a random and unauthorized deprivation of property it lacked merit because adequate state post-deprivation remedies exist. Plaintiff states he is an Arkansas prisoner, not a Texas prisoner, meaning his remedies are those provided by the State of Arkansas. The U.S. District Court for the Eastern District of Arkansas has stated as follows:

> In Hudson v. Palmer, 468 U.S. 517, 529–30, 104 S.Ct. 3194 (1984), the United States Supreme Court held that there is no due process violation when a state actor deprives a person of personal property, so long as there is an adequate state-law, post-deprivation remedy available. The State of Arkansas provides such a remedy through its Claims Commission. ARK. CODE ANN. § 19–10–204(a) (vesting the Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions.")
>
> Consistent with Hudson, the Eighth Circuit has also held that a prisoner cannot bring a §1983 due process claim for the intentional or negligent loss of personal property, so long as the state provides some sort of remedy. See Skinner v. Missouri, Case No. 06–1512, 2007 WL 315364 (8th Cir. Feb. 5, 2007) (unpublished opinion) (holding that a Missouri prisoner did not state a §1983 due process claim regarding the confiscation of money from his inmate trust account because he had an adequate state remedy), and Williams v. Campbell, Case No. 00–3699, 2001 WL 1549545 (8th Cir. Dec. 6, 2001) (unpublished opinion) (holding that the defendants' failure to return the property seized from a prisoner did not violate the due process clause because the prisoner could file a claim before the Arkansas Claims Commission).
> Here, Mr. Lamar has already filed a claim for his lost property before the Claims Commission. He might not be pleased with the outcome of that proceeding, but there is no reason to believe that the Claims Commission's dismissal of the claim indicates that Arkansas's remedy is inadequate. Mr. Lamar is attempting to re-litigate issues

properly and previously raised before the Claims Commission, and this is not permissible. <u>Price v. Harris</u>, 722 F .2d 427, 428 (8th Cir.1983) (*per curiam*) (holding dismissal of §1983 action was proper because inmate was merely trying to re-litigate value of missing property as determined by Arkansas Claims Commission). For that reason, Mr. Lamar's claims should be dismissed with prejudice.

<u>Lamar v. May</u>, Civil Action No. 2:11-CV-00059, 2011 WL 1540410 (E.D. Ark. Apr. 5, 2011), *Report adopted at* 2011 WL 1639274 (E.D. Ark. May 2, 2011).

Likewise, the fact Plaintiff's claim was dismissed by the Arkansas Claims Commission does not show that remedy is inadequate. The commission construed his claim as one of mail tampering and declined to process it, presumably leaving him free to re-file as a negligence or conversion claim if he believes that appropriate. Plaintiff has presented no viable basis upon which to set aside the Report of the Magistrate Judge and his objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted. It is further

**ORDERED** the Clerk shall send a copy of this Opinion to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby

**DENIED**.

       **SIGNED this 1st day of September, 2016.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE